J-S57013-14
J-S57014-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE A. LAWSON, | : | |
| | : | |
| Appellant | : | No. 3005 EDA 2013 |

Appeal from the Order entered October 17, 2013,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0000542-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE A. LAWSON, | : | |
| | : | |
| Appellant | : | No. 3008 EDA 2013 |

Appeal from the Order entered October 7, 2013,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0000542-2009

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 19, 2014**

Appellant, Tyree A. Lawson ("Lawson"), appeals from two orders, the first dismissing his petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-45 ("PCRA"), and the second dismissing without prejudice his "Petition for Writ of Habeas Corpus."  For the reasons set forth herein, we affirm both orders.

In a memorandum decision affirming Lawson's conviction on direct appeal, this Court provided the following brief factual and procedural history of the case:

> Lawson was charged with various crimes from a vicious home invasion robbery that occurred on June 12, 2006. Early that morning, Nancy Hevener went outside to start her husband, Joseph Hevener's, truck while he was showering. Upon opening the door to re-enter her home, she was assaulted from behind by an assailant with a stocking over his face. As the assailant rushed post her into her home, Nancy screamed to her husband. Upon responding to his wife's cries, Joseph noticed two men in his kitchen charging him. A melee ensued, with the assailants striking both Heveners repeatedly, and ultimately escaping in Joseph's truck.
>
> After a lengthy investigation, Lawson was linked to the crime in various ways including DNA evidence, and was arrested on January 13, 2009. Lawson was represented by a series of counsel, but on May 4, 2010, elected to waive his right to counsel and to proceed *pro se*. Thereafter, Lawson filed several *pro se* pre-trial motions. The trial court denied Lawson's pre-trial motions, and a jury ultimately found Lawson guilty of three counts of robbery-serious bodily injury [18 Pa.C.S.A. § 3701(a)(1)], burglary [18 Pa.C.S.A. § 3502], conspiracy to commit robbery [18 Pa.C.S.A. § 903], and conspiracy to commit burglary [18 Pa.C.S.A. § 903]. The trial court sentencing Lawson to an aggregate term of imprisonment of nineteen to sixty years, to run consecutively to any previously imposed sentence. Lawson's post-sentence motions were denied by the trial court, and this timely appeal followed.

*Commonwealth v. Lawson*, 1705 EDA 2011 (Pa. Super., August 7, 2012) (unpublished memorandum).

In affirming Lawson's conviction, on direct appeal this Court addressed four issues: (1) whether the trial court erred in dismissing his suppression motion as untimely; (2) whether the trial court properly dismissed his motion pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure; (3) whether Lawson's claims of judicial and prosecutorial misconduct were waived due to an ambiguous presentation of the issue in his concise statement of the questions on appeal pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure; and (4) whether Lawson waived his discretionary sentencing issues. As at trial, Lawson represented himself *pro se* during his direct appeal.

On June 18, 2013, Lawson filed a *pro se* PCRA petition, and on July 2, 2013, he filed an amended PCRA petition. In these filings, Lawson raised six issues:

(1) He was denied a fair trial because the Commonwealth introduced fabricated evidence at trial (the DNA evidence);

(2) He was denied a fair trial because the Commonwealth knowingly introduced perjured testimony at trial;

(3) He was denied his constitutional right to litigate the issues in his suppression motion;

(4) He was denied the effective assistance of counsel at his formal arraignment on April 20, 2009;

(5) The colloquy of record pursuant to which he waived his right to counsel was insufficient and defective,

and thus he was deprived of his constitutional right to counsel at trial; and

(6) His sentence was illegal because the trial court relied on impermissible sentencing factors and because various of his crimes merged for sentencing purposes.

Amended PCRA Petition, 7/2/2013, at ¶ 3.

On June 24, 2013, the trial court appointed William McElroy, Esq. ("Attorney McElroy") to represent Lawson in connection with his PCRA petition. On September 3, 2013, Attorney McElroy, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), filed a petition to withdraw as counsel for Lawson with respect to the six issues set forth in Lawson's Amended PCRA petition. In his review of the record, however, Attorney McElroy identified a separate issue of arguable merit, namely that the trial court's sentence was illegal because Lawson was sentenced on two counts of conspiracy even though the evidence showed that only one conspiratorial relationship existed. On September 4, 2013, Attorney McElroy filed a Motion to Modify Sentence. On September 16, 2013, the trial court issued an order (1) notifying the parties of its intention to dismiss Lawson's amended PCRA petition in 20 days pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure; (2) advising that it also intended to dismiss Attorney McElroy's Motion to Modify Sentence without an evidentiary hearing, and (3) granting Attorney McElroy's petition to withdraw with

respect to the six issues raised by Lawson, but not as to the separate sentencing issue preserved in the Motion to Modify Sentence.[1]

On October 7, 2013, exactly 20 days after its Rule 907 notice of intent to dismiss, the trial court issued an order dismissing Lawson's Amended PCRA petition and Attorney McElroy's Motion to Modify Sentence. Also on or around October 7, 2013, Lawson filed "Reply to the Court's 907 Notice to Dismiss" and an "Addendum to Defendant's Response to the Court's Notice of Intent to Dismiss," in which he offered arguments in support of the six issues set forth in his Amended PCRA petition and also asserted a new issue – namely, that Attorney McElroy provided ineffective assistance of counsel by making one or more false statements in his *Finley* letter relating to the allegedly fabricated DNA evidence on the nylon stocking. On October 10, 2013, Lawson filed a "Petition for Writ of Habeas Corpus," which the trial court denied without prejudice by order dated October 17, 2013.

On October 29, 2013, Lawson filed notices of appeal from the trial court's orders dated October 7, 2013 and October 17, 2013. In connection

---

[1] During its review of the record, the trial court identified a separate sentencing issue, and on this same date (September 16, 2013) it resentenced Lawson on the conspiracy to commit robbery conviction to a term of 5 to 10 years of incarceration (rather than the 6 to 10 year term set forth in the original sentence). The trial court's order indicates that this order was entered "upon agreement of counsel," and no appeal from this order has been filed.

with his appeal from the October 7, 2013 order, Lawson presents the following issues for our consideration and determination:

1. The PCRA court committed judicial error and/or abuse of discretion pursuant to Pa.R.Crim.P. 907(A) by its failure to independently review and address [Lawson's] meritorious PCRA presented claim of Commonwealth's use of false testimony and fabricated evidence of [Lawson's] illegally seized DNA.

2. The PCRA court committed judicial error and/or abuse of discretion by its failure to independently review or address the meritorious PCRA claim of inadequate waiver of counsel colloquy.

3. The PCRA court committed judicial error and/or abuse of discretion by its failure to independently review or address the PCRA presented meritorious claim of being denied the Sixth Amendment right of counsel during a critical stage of the proceedings.

4. The PCRA court committed judicial error and/or abuse of discretion by its failure to independently review or address [Lawson's] meritorious PCRA presented claims of illegal sentence .. and based its dismissal on unfounded grounds and PCRA counsel's ineffectiveness.

5. The trial court after issuing its pre-dismissal notice to dismiss denied [Lawson] of a full and fair opportunity to contest PCRA counsel's misrepresentation by the court's immediate dismissal of [Lawson's] PCRA proceedings without addressing the timely filed response.

Lawson's Brief at 4-5.[2]  In connection with his appeal from the October 17,

2013 order, Lawson presents a single issue for our review:

>  1.  Whether the trial court committed an abuse of discretion and/or judicial error of law by its failure to follow the statutory construction of 42 Pa.C.S.A. § 6503(b) regarding the filed petition for a writ of habeas corpus relief … which the court without addressing the grounds for relief, dismissed that application as being a second and subsequent PCRA petition and thereby failing to address the illegality of [Lawson's] confinement.

Lawson's Brief at 4.  We will address these issues in turn.

For his first issue on appeal, Lawson contends that the trial court erred

in failing to "independently review and address" his argument that the

Commonwealth used "false testimony and fabricated evidence of [Lawson's]

illegally seized DNA" to secure his conviction.  Lawson's Brief at 12.  In his

appellate brief, Lawson specifically refers to two instances of the

Commonwealth's alleged prosecutorial misconduct.  First, Lawson claims

that the Commonwealth permitted a "compensated witness" to testify

against him without correcting his testimony that he did not receive a deal

from the Commonwealth (in the form of a sentence below the guideline

recommendations in exchange for his testimony).  *Id.* at 13.  Second,

Lawson insists that at trial the Commonwealth introduced into evidence a

---

[2]  We have renumbered the issues for ease of disposition.

nylon stocking found at the crime scene with his DNA on it, even though it had forcibly seized this evidence with a fraudulent search warrant. *Id.*

The trial court found Lawson's first issue on appeal to be waived based upon his own failures while representing himself at trial and on direct appeal. Trial Court Opinion, 12/5/2013, at 6-8. We must agree, for at least two reasons. First, based upon our review of our memorandum decision on direct appeal, the specific claims Lawson now raises were previously litigated on direct appeal. On direct appeal, we affirmed the trial court's denial of his pre-trial motion to suppress evidence, both because it was filed more than a year after his arraignment and was thus patently untimely, and because it was meritless since the search and arrest warrants in this case were amply supported by probable cause. *Lawson*, *supra*, at 3-4. We also refused to grant Lawson relief on his claims of prosecutorial misconduct because he failed to frame any specific instances of the same in his Pa.R.A.P. Rule 1925(b) statement. *Id.* at 9-10.

As a result, both of the claims Lawson now raises in his first issue on appeal, including the alleged subordination of perjured testimony and the alleged use of fraudulently obtained evidence (the nylon stockings), were previously litigated on direct appeal. Pursuant to section 9543(a)(3) of the PCRA, issues previously litigated on direct appeal are not cognizable for relief

under the PCRA. ***See, e.g.***, ***Commonwealth v. Tedford***, 960 A.2d 1, 18 (Pa. 2008).

Moreover, to the extent that the two claims that Lawson now raises under his first issue on appeal were not previously litigated on direct appeal, they are waived for Lawson's failure, as his own appellate counsel, to do so. Section 9544(b) of the PCRA provides that an issue is waived for purposes of the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); ***Commonwealth v. Brown***, 872 A.2d 1139, 1154 (Pa. 2005).

Lawson's second issue on appeal, that the waiver of counsel colloquy pursuant to which he was permitted to represent himself *pro se* was inadequate, is not cognizable under the PCRA for the same reason. This issue could have been raised and litigated on direct appeal, but Lawson did not do so. As a result, it is waived and cannot be raised at this time. 42 Pa.C.S.A. § 9544(b).

For his third issue on appeal, Lawson argues that the PCRA court failed to review his claim that he was denied his Sixth Amendment right of counsel during a critical stage of the proceedings. In its Ra.R.A.P. 1925(a) written opinion, the PCRA court did not address the substance of this claim, noting that Lawson did not identify the "critical stage of the proceedings" in

question. Trial Court Opinion, 12/5/2013, at 7. In his appellate brief, Lawson insists that the PCRA court knew or should have known that he was referring to the April 20, 2009 arraignment. Lawson's Brief at 15.

Even if the PCRA court should have known that Lawson was referring to his April 20, 2009 arraignment, no basis exists here for a potentially meritorious ineffectiveness claim. By order dated March 31, 2009, the trial court scheduled Lawson's formal arraignment for April 20, 2009. At that time, Lawson was represented by Seth Grant, Esq. ("Attorney Grant"), who had entered his appearance on February 10, 2009 and filed an Omnibus Pre-Trial Motion on Lawson's behalf on February 20, 2009. In an order dated April 20, 2009, the trial court indicated that Lawson had waived the formal arraignment and pled guilty to the charges against him.

While Lawson's *pro se* filings (including his appellate brief), are not entirely clear, it appears that Lawson's claim here is that Attorney Grant provided ineffective assistance of counsel when deciding to waive the formal arraignment without Lawson's consent. We note that Rule 571 of the Pennsylvania Rules of Criminal Procedure provides that a criminal defendant represented by counsel may waive formal arraignment by filing a statement, signed by both the defendant and counsel, indicating an intention to do so and stating that the defendant understands, *inter alia*, the nature of the

charges against him. Pa.R.Crim.P. 571(D). The docket in this case contains no such filing.

Counsel is presumed to be effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)). To prove counsel ineffective, a PCRA petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the Strickland test, the court may proceed to that element first." *Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011).

To satisfy the prejudice prong of the tripartite test, the PCRA petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Ly*, 980 A.2d 61, 73 (Pa. 2009). In this case, Lawson has offered no basis for us to conclude that he suffered any such prejudice as a result of the waiver of his formal arraignment (with or without his consent). In his appellate brief, Lawson states: "Here prejudice

from the denial of that right … heightened by a degree of blatant vindictiveness … when that same court knowingly on March 7, 2011 denied appellant of that requested suppression hearing … [and] refused to compel disclosure of Commonwealth's case discovery; search & arrest warrant affidavits of probable cause and the January 20, 2009 preliminary hearing transcripts." Lawson's Brief at 16. All of these events, however, occurred well after Attorney Grant's appointment as Lawson's counsel ended and while Lawson was representing himself *pro se.* Lawson offers no explanation as to any possible connection between the waiver of his formal arraignment and any of these subsequent events. As such, he has not established that he suffered any prejudice whatsoever as a result of the waiver of his formal arraignment, and thus his ineffective assistance of counsel claim is meritless.

For his fourth issue on appeal, Lawson contends that the PCRA court erred in failing to consider his claims of illegality of sentence. In his amended PCRA petition and appellate brief, Lawson claims that his sentence was illegal in two ways. First, he argues that his sentence was too severe because the trial court relied upon impermissible factors (including misrepresentations of fact in the pre-sentence report as well as prior convictions) when calculating his offense gravity score and prior record score under the applicable Sentencing Guidelines. Second, he states that his two

convictions for conspiracy should merge for sentencing purposes because both were based upon a single conspiratorial agreement.

With respect to the first claims, a "challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence." *Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005); *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000). This Court addressed Lawson's discretionary aspects of sentence claims on direct review, concluding that Lawson, while acting as his own counsel, waived all such claims by failing to include a Pa.R.A.P. 2119(f) statement in in appellate brief. *Lawson*, *supra*, at 11. Lawson's discretionary sentencing claims were thus previously litigated on direct appeal and cannot be reasserted on PCRA review. To the extent that the present discretionary claims were not raised on direct appeal, they are waived for failure to do so. 42 Pa.C.S.A. § 9544(b).

As for his second claim, Lawson argues that his two conspiracy convictions (to commit robbery and burglary) were based upon the same conspiratorial agreement and thus should have merged for sentencing purposes. This claim was preserved for appeal in the Motion to Modify Sentence filed by Attorney McElroy on September 4, 2013.

In our consideration of this issue, we must first determine whether the issue presented is one involving the illegality of sentence, such that it is non-

waivable, ***Commonwealth v. Berry***, 877 A.2d 479, 486 (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007), and thus may be considered now during PCRA review. Our Supreme Court addressed this issue in ***Commonwealth v. Andrews***, 768 A.2d 309 (Pa. 2001). Andrews and a co-conspirator appeared in the office at an apartment complex and inquired as to the availability of rentals, and soon thereafter brandished weapons and robbed those in the office. The next day, Andrews and his co-conspirator used the same *modus operandi* again twice, robbing the leasing agents at two other apartment complexes in about two hours. ***Id.*** at 309. The jury convicted Andrews of five counts of robbery, two counts of criminal conspiracy, and two counts of possessing instruments of crime. ***Id.*** at 311.

On appeal, Andrews argued that the two conspiracy convictions should have merged for sentencing purposes. This Court treated Andrews' argument as one implicating the legality of the sentence and affirmed, concluding that separate sentencing was permissible because the robberies "did not constitute an overlapping common scheme" and because "the charges involved separate robberies of different individuals at different locations." ***Id.*** at 312.

Our Supreme Court affirmed, but in so doing concluded that the merger argument should not have been treated as one involving the illegality of sentence but rather as a challenge to sufficiency of the evidence.

- 14 -

*Id.* at 311-12. The Supreme Court began by pointing out that this Court had previously treated the issue of single or multiple conspiracies in both ways. *Id.* at 312 (comparing **Commonwealth v. Rippy**, 732 A.2d 1216, 1224-25 (Pa. Super. 1999) (legality of sentence), with **Commonwealth v. Herrick**, 660 A.2d 51, 55 (Pa. Super. 1995) (sufficiency of the evidence)). In resolving this discrepancy, the Supreme Court focused on the two arguments offered by Andrews.

First, Andrews argued that multiple sentences violated constitutional double jeopardy protections against multiple punishments for the same offense. The Supreme Court indicated that for Andrews, the issue was "whether the robberies were the product of one agreement or two." *Id.* at 313. As a result, "resolution of the double jeopardy issue is inextricably intertwined with the sufficiency of the evidence." **Id.**

Second, Andrews contended that 18 Pa.C.S.A. § 903(c) prohibits separate sentences for the two conspiracy convictions.

> **§ 903. Criminal conspiracy**
>
> *     *     *
>
> **(c) Conspiracy with multiple criminal objectives.--**If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple objectives are the object of the same agreement or continuous conspiratorial relationship.

- 15 -

18 Pa.C.S.A. § 903(c). As the Supreme Court noted, "[t]his subsection reflects the fact that 'the conspiracy is the crime, and that [it] is one, however diverse the objects.'" **Andrews**, 768 A.2d at 314. Again, however, the Supreme Court concluded that, "By its terms, Section 903(c) implicates a factual assessment of either the conspiratorial agreement or the relationship of the conspirators." **Id.** As a result, the Supreme Court concluded that the issue constitutes a challenge to the sufficiency of the evidence, and "should be submitted to the jury in the first instance together with an appropriate instruction." **Id.**[3]

Based upon our Supreme Court's decision in **Andrews**, the present issue relating to multiple sentences for his two conspiracy convictions does not involve the legality of Lawson's sentence, but rather is a sufficiency of the evidence argument. As a result, Lawson should have raised it at trial and requested an appropriate jury instruction. Because Lawson did not do so, he did not preserve the issue for appeal and thus cannot raise it for the first time now on PCRA review. As discussed hereinabove, pursuant to section 9544(b) of the PCRA, an issue is waived for purposes of the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, on

---

[3] Although Andrews had not raised the issue during trial or requested an appropriate jury instruction, the Supreme Court nevertheless went on to address the sufficiency of the evidence claim on its merits because "existing precedent supported the manner in which Andrews raised the claim." **Id.** at 315.

appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Moreover, because Andrews represented himself *pro se* at trial, he also cannot pose the failure to preserve the issue as one implicating the ineffective assistance of counsel. "The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness." ***Commonwealth v. Fletcher***, 517, 986 A.2d 759, 773 (Pa. 2009).

For his fifth issue on appeal, Lawson contends that the PCRA court erred in dismissing his amended PCRA petition without considering his *pro se* response to its Pa.R.A.P. 907 notice to dismiss. Lawson argues that his response was timely, as application of the "prisoner mailbox rule" establishes that it was filed on October 7, 2013, the 20th day after the filing of the PCRA court's Rule 907 notice. The trial court disagrees, concluding that the available evidence shows that the operative date for filing pursuant to the prisoner mailbox rule was, at the earliest, October 8, 2013. Trial Court Opinion, 12/5/2013, at 5.

We need not resolve this dispute regarding the date of the filing of Lawson's response to the Rule 907 notice, as we conclude that even if Lawson's reply was timely filed, he suffered no prejudice as a result of the PCRA court's refusal to consider it. We have reviewed Lawson's response in its entirety, and it contains no information, argument, or citation to authority

to establish that the PCRA court erred in dismissing Lawson's amended PCRA petition pursuant to Rule 907 without an evidentiary hearing.

Moreover, the bulk of Lawson's reply concerns allegations that his appointed PCRA counsel (Attorney McElroy) made certain misrepresentations of fact in his *Finley* letter and thus rendered ineffective assistance of counsel by failing to advocate on his behalf in opposition to the PCRA court's Rule 907 notice to dismiss. Reply to the Court's 907 Notice to Dismiss, 10/7-8/2013, at 8-17. In neither his subsequently filed Rule 1925(b) statement nor in his appellate brief, however, did Lawson assert a separate claim for Attorney McElroy's ineffective assistance of counsel regarding his petition for withdrawal from representation. As such, Lawson failed to pursue on appeal the only new issue raised in his reply to the Rule 907 notice. We must therefore conclude that the PCRA court's failure to consider its contents did not result in any prejudice to Lawson. No relief is due on this issue.

For his final issue on appeal, Lawson claims that the PCRA court erred in its October 17, 2013 order dismissing without prejudice his "Petition for Writ of Habeas Corpus." The PCRA court determined that Lawson's Petition constituted a second PCRA petition and was premature pending the final disposition of his first PCRA petition (dismissed by order dated October 7, 2013). On October 17, 2013, the 30-day period for the filing of an appeal

from the October 7, 2013 order had not expired.[4]  The PCRA court's October 17, 2013 order specifically provided that the dismissal was "without prejudice" and that Lawson "may re-file his second PCRA petition upon the expiration of the appeal period or exhaustion of his appellate rights in regard to the October 7, 2013, Order."  Order, 10/17/2013, at 1.

The PCRA court's October 17, 2013 order was not error.  First, the PCRA court properly treated Lawson's "Petition for Writ of Habeas Corpus" as a second PCRA petition.  Our Supreme Court has emphasized that the PCRA "subsumes the writ of *habeas corpus* and that *habeas corpus* provides an independent basis for relief only in those cases when there is no remedy under the PCRA."  ***See, e.g.***, ***Commonwealth v. Morris***, 822 A.2d 684, 692-93 (Pa. 2003).  This is not one of those rare cases.  Lawson's "Petition for Writ of Habeas Corpus" seeks relief as a result of various alleged violations of his constitutional rights.  Pursuant to section 9543(a)(2)(i) of the PCRA, petitioners may obtain remedies for violation of their state or federal constitutional rights.  42 Pa.C.S.A. § 9543(a)(2)(i).

Second, a second or subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.  ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000).

---

[4]  Lawson filed his notice of appeal from the October 7 order on October 29, 2013.

Because final resolution of review of Lawson's first PCRA petition remained pending at the time he filed his second PCRA petition, the PCRA court properly dismissed the second PCRA petition without prejudice.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014