J-S79017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HECTOR MELENDEZ CADIZ | |
| Appellant | No. 3266 EDA 2013 |

Appeal from the PCRA Order October 30, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008883-2007

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.:

MEMORANDUM BY OLSON, J.:                  **FILED FEBRUARY 09, 2015**

Appellant, Hector Melendez Cadiz, appeals from an order entered on October 30, 2013 in the Criminal Division of the Court of Common Pleas of Montgomery County that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously summarized the relevant procedural history in this case as follows:

> On August 21, 2008, Appellant entered a guilty plea to charges of rape, involuntary deviate sexual intercourse and terroristic threats for his knifepoint sexual assault of the complainant on November 10, 2007.  Appellant was provided with a Spanish-

*Retired Senior Judge assigned to the Superior Court.

speaking interpreter during the oral plea colloquy,[1] and, prior to the hearing, had completed a written plea colloquy in Spanish. In exchange for Appellant's open guilty plea to the above-stated charges, the Commonwealth withdrew twelve other counts, and agreed **not** to invoke the mandatory [minimum] sentence of imprisonment of 25 years to 50 years that could have been applicable based upon appellant's 1990 conviction of rape in Puerto Rico. On March 18, 2009, Appellant was sentenced to a term of imprisonment of from 10 years to 20 years for the charge of rape, and a consecutive 5 years to 10 years for the charge of involuntary deviate sexual intercourse, a sentence that was agreed to by both Appellant and the Commonwealth, in exchange for the Commonwealth's agreement not to seek Appellant's designation as a sexually violent predator.

On March 30, 2009, Appellant filed a timely, *pro se* motion to withdraw his guilty plea,[2] contending that counsel's ineffectiveness caused him to enter an involuntary plea. The trial court denied the motion on its merits by order dated April 28, 2009. That same day, appellant filed **a second, *pro se* motion to withdraw his guilty plea** – a document identical to the first motion. The trial court treated the second motion as a petition for post-conviction collateral relief pursuant to [the PCRA]. On May 26, 2009, the trial court entered an order, which provided, in relevant part:

> John Armstrong, Esquire, is appointed to represent [Appellant], to determine whether [Appellant] may be entitled to relief under the [PCRA], and to amend the application as necessary to obtain any relief to which [Appellant] may be entitled under the [collateral relief statute].

_____

[1] His interpreter, in fact, was his attorney Joanna Cruz. Although it appears that another attorney assisted Ms. Cruz at the plea hearing, Ms. Cruz signed the written plea colloquy as Appellant's attorney and represented Appellant at the sentencing hearing.

[2] Although Appellant's post sentence motion was filed 12 days after sentencing, it was timely filed since the 10th day following sentencing fell on a Saturday.

In the event counsel concludes [Appellant's] petition lacks merit and cannot be amended to raise a claim of arguable merit, counsel shall so advise in writing, in accordance with ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988)[.]

[PCRA Court Order, 5/26/09, at ¶¶ 1-2].

[Mr. Armstrong] took no action on Appellant's behalf, and in September of 2009, Appellant filed with the [PCRA] court (1) a *pro se* application for relief, contending that appointed counsel "ha[d] not been diligent in his representation,"[3] and (2) a *pro se* motion for writ of mandamus, which sought to challenge the voluntariness of his guilty plea.

On November 27, 2009, the [PCRA] court entered an order, pursuant to Pa.R.Crim.P. 907, notifying Appellant of its intention to dismiss his application for post-conviction relief without a hearing. In the order, the [PCRA] court discussed each of the claims raised in Appellant's motion to withdraw his guilty plea, as well as the motion for writ of mandamus. The court concluded:

Upon consideration of the foregoing facts, and after this court's independent review of the record, this court concludes [Appellant] has failed to plead a cognizable claim for relief and therefore is not entitled to the relief he seeks, or otherwise to any relief under the [PCRA], and no purpose would be served by any further proceedings unless the petition can be amended by counsel to state a claim for relief.

[PCRA Court Order, 9/27/09, at] 5, ¶ 12. The [PCRA] court thereafter directed appointed counsel to file a response within 20 days of the docketing of the order. ***Id.*** [at] ¶ 13.

Appointed counsel again failed to take any action in response to the [PCRA] court's directive. Thereafter, on January 21, 2010,

---

[3] *Pro Se* Application for Relief, 9/9/09.

the [PCRA] court, apparently on its own initiative,[4] entered an order in which it (1) permitted [A]ttorney Armstrong to withdraw, and (2) appointed Joseph J. Hylan, Esquire, to represent [A]ppellant and "determine whether or not [Appellant] may be entitled to relief under the [PCRA], and to amend the application as necessary to obtain any relief to which [he] may be entitled under the Act." [Trial Court Order, 1/21/10, at] 1, ¶ 2.

Although the record contains no indication that [A]ttorney Hylan filed an amended PCRA petition, the [PCRA] court, on May 21, 2010, held an evidentiary hearing, during which both Appellant and trial counsel testified regarding "whether or not [Appellant] entered a knowing, intelligent, and voluntary plea." At the conclusion of the hearing, the [PCRA] court entered an order denying PCRA relief. []

***Commonwealth v. Cadiz***, 29 A.3d 840 (Pa. Super. 2011) (unpublished memorandum) (footnotes and emphasis in original) at 1-5.

On appeal, counsel for Appellant petitioned to withdraw and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1968) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After noting that ***Turner***, ***supra*** and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) governed the procedures for a petition to withdraw in the context of collateral proceedings, we accepted counsel's mislabeled filings and found that he complied with the applicable procedural prerequisites. Nevertheless, pursuant to our independent review, we found that the record contained "no explanation as to why [A]ppellant was not provided the assistance of counsel

---

[4] The record does not include any application to withdraw from Attorney Armstrong, nor any reason for Attorney Armstrong's failure to take any action on Appellant's behalf.

to pursue a direct appeal." ***Commonwealth v. Cadiz***, 29 A.3d 840 (Pa. Super. 2011) (unpublished memorandum) at 8. Hence, we denied counsel's petition to withdraw, vacated the order of the PCRA court, and remanded for further proceedings to address a counseled, amended PCRA petition that raised the issue uncovered by our independent review.

Pursuant to our remand order, PCRA counsel for Appellant filed an amended petition and the PCRA court convened a hearing on September 26, 2013. At the hearing, plea counsel testified that she reviewed with Appellant the Spanish version of the plea colloquy, including the provisions that addressed Appellant's post-sentence and appellate rights. N.T., 9/26/14, at 24-25. Plea counsel also testified that she would have filed an appeal if Appellant had requested that she do so. ***Id.*** at 25. Appellant, however, never asked plea counsel to file a direct appeal or a post-sentence motion seeking to withdraw his guilty plea. ***Id.*** at 25-26. Lastly, plea counsel explained that Appellant received several benefits in exchange for his guilty plea, including the Commonwealth's agreement to drop many charges, its agreement to forego Appellant's designation as a sexually violent predator, and the Commonwealth's agreement not to seek a 25-year mandatory minimum sentence based upon Appellant's prior Puerto Rican rape conviction. ***Id.*** at 26.

Appellant also testified at the hearing. In his testimony, Appellant confirmed that: 1) he never asked plea counsel to withdraw his guilty plea following the plea hearing; 2) he never asked plea counsel to file a

post-sentence motion or a direct appeal; 3) his *pro se* submissions did not allege that he asked plea counsel to file an appeal; and, 4) he never filed a document with the trial court alleging that he was dissatisfied with plea counsel's performance. ***Id.*** at 16-19. Appellant explained that he opted to submit *pro se* filings because he was dissatisfied with plea counsel's representation. ***Id.*** at 18.

PCRA counsel petitioned the PCRA court to withdraw as counsel on October 15, 2013. That petition was granted by order entered on October 24, 2013. Thereafter, on October 30, 2013, the PCRA court dismissed Appellant's petition, concluding that Appellant failed to plead and prove that plea counsel was ineffective since he failed to demonstrate that he asked her to file a direct appeal. ***See*** PCRA Court Order, 10/30/13. Appellant filed a *pro se* notice of appeal on November 22, 2013 and, subsequently, filed a concise statement of errors complained of on appeal raising a single issue:

> Did the lower [c]ourt err[] as a matter of law in sentencing [Appellant] outside of the suggested standard range by using a prior out[-]of[-]state criminal conviction[] from the Commonwealth of Puerto Rico, in which [the [c]ourt] had no [i]nterstate [j]urisdiction to exercise such authority to calculate prior record points?

Appellant's Concise Statement, 12/27/13. This appeal followed.

In his brief, Appellant raises the four questions for our review:

> Whether or not the [c]ourt of [c]ommon [p]leas failed and[/]or refused to comply with and follow the [o]rder(s) of [the] Superior Court on [r]emand at 1780 EDA 2010 as filed April 20, 2011[?]

Whether or not Appellant's [a]pplication [f]or [r]elief should be granted[?]

Whether or not the PCRA [c]ourt denied [A]ppellant due process by sentencing outside the sentencing guidelines and [pursuant to] constitutionally [in]valid [] statutory sentencing procedures?

Whether or not a foreign conviction, more than ten (10) years old[,] is available for sentence guideline calculations under the circumstance of this case[?]

Appellant's Brief at 2.

Appellant challenges an order that dismissed his petition filed pursuant to the PCRA. "Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant has waived appellate review of his first two claims. "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived." ***Commonwealth v. McBride***, 957 A.2d 752, 755 (Pa. Super. 2008). The first two claims addressed in Appellant's brief are entirely unrelated to the lone issue

included in the concise statement that Appellant submitted in response to the PCRA court's order. Hence, Appellant has waived appellate review of these issues.

Before we confront the third and fourth claims raised by Appellant, we address a contention advanced in Appellant's second issue on appeal.[5] Here, Appellant alleges that his guilty plea was invalid because it was coerced by the Commonwealth's threats to seek the imposition of a mandatory sentence scheme that he claims was deemed unconstitutional in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013) and **Commonwealth v. Newman**, 99 A.3d 86 (pa. Super. 2014) (*en banc*). **See** Appellant's Brief at 7. Generously construed, Appellant seems to suggest that, under the circumstances of the present case, plea counsel was ineffective either in failing to advise him about the validity of the mandatory sentencing statute

_____

[5] In his second issue on appeal, Appellant alludes to an application for relief that he filed in June, 2014 and an order entered by this Court on July 15, 2014 in which we denied the application for relief without prejudice to Appellant's right to raise the issues in his brief. Appellant's June, 2014 application for relief sought consolidation of the present appeal with the prior appeal that resulted in a remand of this matter. However, a second application for relief, filed by Appellant in September, 2014, sought remand to allow Appellant to challenge certain mandatory minimum sentencing issues allegedly implicated in this case. Again, we denied Appellant's application for relief without prejudice to Appellant's right to raise these issues in his brief in this appeal. In view of the statements included in our prior order, we briefly address the issues set forth in Appellant's second issue.

or in failing to advise him to challenge his plea by way of a post-sentence motion or direct appeal. These contentions are meritless.

Appellant's claim asserts that his plea counsel rendered ineffective assistance. Our Supreme Court has explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.
>
> A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). An unjustified failure to file a requested direct appeal may constitute ineffective assistance of counsel. ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999). Moreover, counsel may owe a constitutionally-imposed duty to consult with a defendant about an appeal when there is reason to think either: 1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or 2) that a particular defendant reasonably demonstrated to counsel that he was interested in appealing. ***Roe v. Flores-Ortega***, 528 U.S. 470, 480 (2000).

We are not persuaded that there is arguable merit in Appellant's ineffective assistance claim. It is undisputed in this case that Appellant never communicated his desire to file a post-sentence motion or a direct appeal to plea counsel. In addition, Appellant pled guilty on August 21, 2008 and was sentenced on March 18, 2009, approximately four years **before** the United States Supreme Court issued its 2013 decision in **Alleyne**. It is well-settled that "[c]ounsel cannot be deemed ineffective for failing to predict developments or changes in the law." **Commonwealth v. Gribble**, 863 A.2d 455, 464 (Pa. 2004) (where claim sounds in ineffective assistance of counsel, appellant must demonstrate that counsel was incompetent under the law in existence at the time of trial).

Moreover, the law in this Commonwealth presently allows the use of a prior conviction to enhance a defendant's mandatory minimum sentence without a jury determination beyond a reasonable doubt. **Almendarez–Torres v. United States**, 523 U.S. 224 (1998) (prior conviction does not need to be submitted to jury and found beyond a reasonable doubt); **Alleyne**, **supra** at 2160 n.1 (noting that **Almendarez–Torres** remained valid law but observing that the Court did not revisit that decision since the parties had not contested its vitality); **Commonwealth v. Miller**, 102 A.3d 988, 995 n.5 (Pa. Super. 2014) (noting that, even if the PCRA petition were timely, petitioner would not be entitled to relief because a prior conviction did not need to be submitted to the jury and found beyond reasonable

doubt); *see Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004) (where a judicial finding which results in punishment beyond the statutory maximum is the fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record); *but see Commonwealth v. Watley*, 81 A.3d 108, 117 n.3 (Pa. Super. 2013) (*en banc*) (noting that "[t]he constitutionality of statutes permitting prior convictions to automatically increase a defendant's sentence beyond the statutory maximum absent a jury finding has been called into question based on a similar rationale discussed in *Alleyne*"). Thus, at the present time, prior convictions do not trigger the Sixth Amendment concerns that *Alleyne* addressed.

Lastly, taking into account all of the information plea counsel knew or should have known, we are not convinced that Appellant's desire to file an appeal or a post-sentence motion was something that plea counsel should rationally have foreseen. Appellant's conviction followed a guilty plea, not a trial, and the plea may have indicated to counsel that Appellant desired an end to judicial proceedings. Although Appellant filed *pro se* challenges to his guilty plea, he did not communicate these sentiments to counsel and he never advised the trial court of his dissatisfaction with counsel's performance. Leaving aside Appellant's concern about the use of his prior conviction in the determination of a potentially applicable sentence and the

influence this may have had upon his decision to plead guilty, the record is clear that Appellant entered his guilty plea in exchange for the withdrawal of several charges, as well as the Commonwealth's agreement not to pursue his classification as a sexually violent predator. In view of these factors, it does not appear that a rational defendant in Appellant's position would have wanted to challenge the plea or that Appellant (in particular) sufficiently demonstrated to plea counsel his interest in an appeal. Hence, Appellant is not entitled to relief on this claim.

Appellant's third and fourth claims raise related contentions; hence, we shall address them in a single discussion. Here, Appellant claims that the trial court erred in considering sentencing guideline calculations that included his 1990 Puerto Rican rape conviction. Specifically, Appellant argues that his Puerto Rican conviction should not have been included in his prior record score because it was too remote in time and emanated from a "foreign" country.[6] This claim fails.

---

[6] Appellant supports his final claims with citations to federal appellate decisions that construe provisions of the federal sentencing guidelines. As these decisions have no precedential or persuasive value in this case because they address legal issues unique to federal law, Appellant's claim is subject to waiver since he has failed to cite pertinent authority in violation of our appellate rules. *See Commonwealth v. Sammuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citing Pa.R.A.P. 2119 and concluding that appellant waived review of suppression challenge where he failed to identify precise factual basis of claim and failed to explain how citations to federal appellate authorities offered interpretive guidance on Pennsylvania wiretap law).

To be eligible for relief under the PCRA, a petitioner asserting a standalone sentencing challenge -- *i.e.* one that is not couched in terms of ineffective assistance of counsel -- must plead and prove by a preponderance of the evidence that the trial court imposed a sentence greater than the lawful maximum. 42 Pa.C.S.A. § 9543(a)(2)(vii). "Challenges to the discretionary aspects of [a] sentence are not cognizable under the PCRA[.]" *Commonwealth v. Evans*, 866 A.2d 442, 444-445 (Pa. Super. 2005). A challenge to the calculation of a sentencing guideline range raises a question regarding the discretionary aspects of a sentence, not the legality of the punishment. *Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005).

Here, Appellant challenges the calculation of his prior record score, but does not do so under the guise that plea counsel was ineffective. Because such a freestanding objection to the discretionary aspects of a sentence is not cognizable under the PCRA, Appellant is not eligible for relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015