J-S26009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD D. CROWLEY, | : | |
| | : | |
| Appellant | : | No. 2937 EDA 2015 |

Appeal from the Judgment of Sentence of January 24, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002903-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 19, 2016**

Appellant, Gerald D. Crowley, appeals from the judgment of sentence entered on January 24, 2014, as made final by the denial of his post-sentence motion on August 27, 2015.[1] We are constrained to affirm in part, vacate in part, and remand for resentencing.

The factual background of this case is as follows.  On June 10, 2013, Appellant's dog, Roxy, attacked Ryan Apgar's dog, Rudy, on Apgar's property.  On June 30, 2013, Roxy attacked John Deak and his dog, Buddy.  When confronted by police, Appellant gave a false name and admitted to police that Roxy was unlicensed and was not vaccinated against rabies.  Based upon this information, police obtained a search warrant for Appellant's

_____

[1] Although the post-sentence motion was denied by operation of law on May 27, 2014, the order denying the motion was not docketed until August 27, 2015.

* Retired Senior Judge Assigned to the Superior Court

residence. During execution of that warrant, police located crack cocaine and a firearm in Appellant's bedroom.

We previously outlined the ensuing procedural history of this case as follows:

> On September 30, 2013, Appellant was charged via criminal information with possession of a firearm by a prohibited person,[2] possession with intent to deliver a controlled substance [("PWID")],[3] possession of drug paraphernalia,[4] false identification to law enforcement,[5] two counts of failure to keep a dog properly confined,[6] failure to obtain a dog license,[7] harboring a dangerous dog,[8] and failure to have a dog vaccinated against rabies.[9] On November 22, 2013, Appellant pled guilty to possession of a firearm by a prohibited person and [PWID]. The remaining charges were withdrawn. On January 24, 2014, Appellant was sentenced to an aggregate term of 5 to 10 years' imprisonment.[10]

---

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S.A. § 4914(a).

[6] 3 P.S. § 459-305(a)(1).

[7] 3 P.S. § 459-201(a).

[8] 3 P.S. § 459-502-A(a)(1)(i).

[9] 3 P.S. § 455.8(a).

[10] The trial court sentenced Appellant to five to ten years' incarceration for possession of a firearm by a prohibited person and a concurrent term of two to ten years' incarceration for PWID.

On January 29, 2014, Appellant filed a timely post-sentence motion. The trial court, however, took no action on Appellant's post-sentence motion and, despite the passage of 120 days and the concomitant denial of Appellant's motion by operation of law, no order reflecting these developments was entered on the docket. *See* Pa.R.Crim.P. 720(A)(2)(B). On February 5, 2015, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On March 6, 2015, counsel was appointed. On August 3, 2015, counsel filed a **Turner/Finley**[11] no-merit letter. That same day, the PCRA court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907.

On August 14, 2015, counsel filed a petition seeking leave to withdraw as counsel. On August 17, 2015, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice. On August 27, 2015, the trial court ordered the Clerk of Courts of Northampton County to enter an order denying Appellant's post-sentence motion by operation of law. *See* Pa.R.Crim.P. 720(B)(3). In that same order, Appellant's PCRA petition was dismissed for lack of jurisdiction. Also on August 27, 2015, the Clerk of Courts of Northampton County entered an order denying Appellant's post-sentence motion via operation of law. This timely appeal followed.

**Commonwealth v. Crowley**, 2016 WL 2625285, *1 (Pa. Super. May 6, 2016) (unpublished memorandum) (certain footnote omitted).

On appeal, Appellant's court-appointed counsel originally filed a petition to withdraw as counsel along with a **Turner/Finley** no-merit letter. We denied the petition and found that this was a direct appeal and not an appeal from the denial of PCRA relief. **Id.** at *2. Moreover, we concluded that this direct appeal was not entirely frivolous since Appellant appeared to have a meritorious discretionary aspects of sentencing claim based upon the

---

[11] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

trial court's erroneous application of the sentencing guidelines on his PWID conviction. *Id.* at *3. Therefore, we remanded this case to the trial court and directed counsel to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Eventually, counsel complied with our order, the trial court filed a supplement Rule 1925(a) opinion, and we received merits briefs from Appellant's counsel and the Commonwealth. This case is now ripe for disposition on the merits.

Appellant presents four issues for our review:

1. [Whether the trial court erred by concluding that Appellant was not eligible for the Recidivism Risk Reduction Initiative ("RRRI")?

2. Whether the trial court erred in calculating Appellant's advisory sentencing guidelines range with respect to his PWID conviction?

3. Whether the trial court erred in calculating Appellant's advisory sentencing guidelines range with respect to his possession of a firearm by a prohibited person conviction?]

4. Whether [Appellant] was sentenced to an illegal mandatory sentence related to possession of a firearm pursuant to [] 42 Pa.C.S.A. § 9712.1 . . . ?

Appellant's Brief at 3.[12]

In his first issue, Appellant argues that the trial court erred in not imposing an RRRI sentence. "A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence." ***Commonwealth v.***

---

[12] We have re-numbered the issues for ease of disposition.

*Finnecy*, 135 A.3d 1028, 1033 (Pa. Super. 2016) (citation omitted). Therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2016) (internal alteration, ellipsis, quotation marks, and citation omitted).

A defendant is ineligible for RRRI if he is found guilty of an offense under Chapter 61 of Title 18 of the Pennsylvania Consolidated Statutes. 61 Pa.C.S.A. § 4503(2). In this case, Appellant was found guilty of possession of a firearm by a prohibited person, which is an offense included within Chapter 61 of Title 18 of the Pennsylvania Consolidated Statutes. Accordingly, the trial court properly concluded that Appellant was ineligible for an RRRI sentence.[13]

In his second issue, Appellant argues that the trial court erred in calculating his advisory sentencing guidelines range for his PWID conviction. "[A] challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence." **Commonwealth v. Keiper**, 887 A.2d 317, 319 (Pa. Super. 2005) (internal quotation marks and citation omitted).[14] An appellant does not have an

---

[13] Appellant's citation to **Commonwealth v. Buterbaugh**, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014), is inapposite. **Buterbaugh** did not discuss RRRI eligibility. Whether Appellant's firearm was loaded or unloaded is irrelevant to whether he is RRRI eligible.

[14] Appellant frames his second issue as a challenge to the legality of his sentence; however, it is properly characterized as a challenge to the
*(Footnote Continued Next Page)*

absolute right of review for claims involving the discretionary aspects of sentencing. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

In this case, Appellant filed a timely notice of appeal. Appellant preserved his second issue in his post-sentence motion. Although Appellant included a Rule 2119(f) statement in his brief, that statement does not address Appellant's second issue. "The Commonwealth, however, has not objected to the adequacy of Appellant's 2119(f) statement. Therefore, we decline to find waiver based on these technical defects." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citation omitted). Accordingly, we must determine whether Appellant's second issue presents a substantial question.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

discretionary aspects of his sentence. ***See Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013); ***Keiper***, 887 A.2d at 319.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014), *appeal denied*, 116 A.3d 604 (Pa. 2015) (citation omitted). A claim that the trial court used the wrong offense gravity score raises a substantial question. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013). As Appellant's second issue raises such a claim, this appeal presents a substantial question and we will proceed to consider the merits of Appellant's argument.

Appellant argues that the trial court erred by using an offense gravity score of seven for his PWID conviction. As both the Commonwealth and the trial court now concede,[15] Appellant is correct. Specifically, Appellant pled guilty to possessing with intent to deliver less than two grams of cocaine. The offense gravity score for such a conviction is five, not seven. *See* 204 Pa.Code § 303.15. As Appellant's prior record score was five, this miscalculation changed Appellant's advisory sentencing guidelines range

---

[15] We commend both the trial court and the Commonwealth for their commitment to ensuring justice in this case.

from 12 to 18 months to 24 to 30 months. Accordingly, the trial court erred in calculating Appellant's advisory guidelines sentencing range.

The Commonwealth and the trial court urge us to find this error harmless because (a) the trial court avers it would have imposed the same sentence even if it utilized the correct advisory sentencing guidelines range and (b) Appellant's PWID sentence is shorter than, and runs concurrently with, his possession of a firearm by a prohibited person sentence. The Sentencing Code, however, prohibits us from finding this error harmless. Specifically, the Sentencing Code provides that this "Court **shall** vacate the sentence and remand the case to the sentencing court with instructions if it finds[ ] the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously[.]" 42 Pa.C.S.A. § 9781(c)(1) (emphasis added). Our General Assembly's use of the word "shall" usually indicates a mandatory obligation. **See Shearer v. Hafer**, 135 A.3d 637, 643 (Pa. Super. 2016). We ascertain nothing in the Sentencing Code that indicates that our Generally Assembly meant the word "shall" to be permissive in this context. As the trial court purported to sentence within the sentencing guidelines, but applied the guidelines erroneously, we are therefore required to vacate Appellant's PWID sentence and remand for resentencing on that count.

In light of the fact that we are remanding this case for resentencing on Appellant's PWID conviction, we believe it prudent to find that vacatur of

that sentence may disrupt the trial court's overall sentencing scheme. Accordingly, we vacate the judgment of sentence and remand for resentencing on both the possession of a firearm by a prohibited person and PWID convictions. **See Commonwealth v. Conaway**, 105 A.3d 755, 765 (Pa. Super. 2014), *appeal denied*, 118 A.3d 1107 (Pa. 2015). Because we are vacating Appellant's possession of a firearm by a prohibited person sentence, we decline to address Appellant's arguments relating to application of section 9712.1[16] or the discretionary aspects of that sentence.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.[17]

---

[16] We note, however, that Section 9712.1 is unconstitutional and upon remand the trial court is not bound by that statute. **See Commonwealth v. Newman**, 99 A.3d 86, 97-102. (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

[17] This case once again shows why the procedural protections provided by **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967), are so critical to preserving a defendant's right to the effective assistance of counsel. Far too often, court-appointed counsel glance over preserved, reversible errors. This is particularly true in cases such as this, where the Appellant pled guilty; however, both the United States and Pennsylvania constitutions provide that even indigent defendants are entitled to vigorous, effective assistance of counsel. This includes pursuing claims that, although minor in the grand scheme of the Unified Judicial System, are important to the defendant.

J-S26009-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016