J-S66017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH WOLFE | : | |
| | : | |
| Appellant | : | No. 1961 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 8, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000019-2019

BEFORE:  STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 5, 2020**

Appellant Joseph Wolfe appeals from the judgment of sentence imposed after he pled guilty driving under the influence of alcohol (DUI)–high rate of alcohol and corruption of minors.[1]  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  We affirm and grant counsel's petition to withdraw.

Briefly, Appellant was charged with multiple counts of DUI and corruption of minors after he crashed his vehicle while he was intoxicated.  At the time of the accident, Appellant's ten-year-old daughter and her twelve-year-old friend were also in the car.  On March 28, 2019, Appellant entered

---

[1] 75 Pa.C.S. § 3802(b) and 18 Pa.C.S. § 6301(a)(1)(i), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

an open guilty plea to one count each of DUI–high rate of alcohol and corruption of minors. On May 10, 2019, the trial court sentenced Appellant to an aggregate term of twenty-five to ninety-two months' incarceration, consisting of nine to sixty months for DUI–high rate of alcohol and a consecutive term of sixteen to thirty-two months for corruption of minors.[3] Appellant did not file a timely post-sentence motion or a direct appeal.

On June 12, 2019, Appellant filed a petition to file an appeal *nunc pro tunc*. On June 19, 2019, the trial court granted Appellant's petition and reinstated his direct appeal rights. On July 3, 2019, Appellant filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement raising the following issues:

1. That the trial court abused its discretion in sentencing Appellant. That there is no legitimate reasoning for the [trial c]ourt's sentence of [Appellant] in this matter, in that one sentence is at the lowest end of the standard range, and one sentence is at the highest end of the standard range.

2. That the sentence Appellant received was an illegal sentence in that Appellant believes the [trial c]ourt miscalculated his prior record score.

Appellant's Rule 1925(b) Statement, 7/3/19.

The trial court filed a Rule 1925(a) opinion asserting that Appellant's sentencing claims were meritless. **See** Trial Ct. Op., 8/1/19, at 3-4.

_____

[3] The trial court indicated that Appellant had a prior record score of four based on a juvenile adjudication for burglary that occurred when Appellant was seventeen years old.

Specifically, the trial court explained that it reviewed Appellant's PSI and the relevant sentencing guidelines, but ultimately found that Appellant's sentence was proper because his "crimes and actions [were] especially egregious." *Id.* at 3; *see also* N.T. Sentencing Hr'g, 5/9/19, at 10-12.  Further, the trial court explained that Appellant's PRS was a four due to his juvenile adjudication for felony-one burglary in 2002.  Trial Ct. Op. at 4.

On October 11, 2019, counsel filed an *Anders*/*Santiago* brief and a separate petition to withdraw.  Counsel's withdrawal petition indicates that she sent a copy of the *Anders* brief to Appellant, along with a letter advising Appellant of his right to proceed *pro se* or with new, privately retained counsel.[4]  Appellant has not filed a *pro se* response or a counseled brief with new counsel.

Counsel's *Anders*/*Santiago* brief identifies the following issues:

1. Did the trial court accept a valid guilty plea from [] Appellant in the underlying matter?

2. Did the sentencing court commit any errors that would entitle [] Appellant to any relief?

*Anders*/*Santiago* Brief at 7.[5]

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa.

---

[4] A copy of the letter is attached to counsel's *Anders*/*Santiago* brief.

[5] The Commonwealth did not file a brief.

Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

- 4 -

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous.[6] Accordingly, we conclude that counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues raised in the *Anders*/*Santiago* brief.

Counsel first identifies an issue regarding the validity of Appellant's guilty plea. *Anders*/*Santiago* Brief at 11. Counsel notes that Appellant did not raise "any issues regarding the voluntariness of his plea." *Id.* at 10. Further, counsel explains that each of the six areas required by Pa.R.Crim.P. 590 "were included in [] Appellant's written guilty plea colloquy, which was executed and signed by [] Appellant prior to his guilty plea hearing." *Id.* Counsel also states that at the plea hearing, "Appellant again acknowledged on the record his understanding and acceptance of these six areas." *Id.* at 11-12. Counsel suggests that Appellant's plea colloquy was sufficient, and

---

[6] Although the *Anders*/*Santiago* brief does contain citations to the record, it does not impede our review.

therefore, "the trial court properly accepted [] Appellant's guilty plea." ***Id.*** at 12.

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. ***Commonwealth v. Maddox***, 300 A.2d 503, 504 (Pa. 1973) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy."

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

"[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

> Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. . . . [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice. Thus, post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices.
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations and quotation marks omitted).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-

10 (Pa. Super. 2013) (citations omitted). Likewise, "a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." *Id.* at 610 (citation omitted).

Here, Appellant did not challenge his guilty plea during the plea colloquy or in a post-sentence motion. Consequently, any challenge to Appellant's guilty plea is waived. *See Lincoln*, 72 A.3d at 609-10. Further, even if Appellant properly preserved his claim, no relief is due. As noted by counsel, Appellant executed a written plea colloquy that covered the six areas set forth in Pa.R.Crim.P. 590. *See* Written Plea Colloquy, 3/28/19, at 2-10. During the oral colloquy, Appellant also confirmed that he understood his rights. *See* N.T. Guilty Plea Hr'g, 3/28/19, at 7-10. Appellant is bound by these statements, which demonstrate that his plea was knowing, voluntary, and intelligent. *See Pollard*, 832 A.2d at 523.

Next, counsel identifies Appellant's claim that the trial court miscalculated his prior record score (PRS) under the Sentencing Guidelines. *Anders*/*Santiago* Brief at 12. Specifically, counsel notes that the trial court counted Appellant's juvenile adjudication for burglary, which increased his PRS from a zero to a four. *Id.* Appellant argues that his PRS was actually a zero, as "his prior adjudication for a first-degree burglary should lapse." *Id.* at 13. However, counsel suggests that because Appellant "was adjudicated

delinquent on a felony, and the offense occurred after his fourteenth []
birthday, the [trial c]ourt utilized the correct guidelines." *Id.* at 13.

Counsel also notes that because Appellant had a PRS of four, his
"sentence was therefore within the standard range." *Id.* at 13-14.  Counsel
adds that the trial court gave Appellant "the opportunity to argue for a more
lenient sentence" and also placed the reasons for its sentence on the record.
*Id.* at 14.  In sum, counsel asserts that Appellant has "no arguable sentencing
claims." *Id.*

Appellant's issues are challenges to the discretionary aspects of his
sentence.  *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super.
2004) (holding that a miscalculation of the prior record score "constitutes a
challenge to the discretionary aspects" of a sentence (citation omitted)); *see
also Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005)
(explaining that a "challenge to the calculation of the Sentencing Guidelines
raises a question of the discretionary aspects of a defendant's sentence."
(citations and quotation marks omitted)).

> Challenges to the discretionary aspects of sentencing do not
> entitle an appellant to review as of right.  An appellant challenging
> the discretionary aspects of his sentence must invoke this Court's
> jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether
> > appellant has filed a timely notice of appeal, *see* Pa.R.A.P.
> > 902 and 903; (2) whether the issue was properly preserved
> > at sentencing or in a motion to reconsider and modify
> > sentence . . . ; (3) whether appellant's brief has a fatal
> > defect, Pa.R.A.P. 2119(f); and (4) whether there is a
> > substantial question that the sentence appealed from is not

appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted). "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted).

In ***Tukhi***, counsel filed an ***Anders/Santiago*** brief, which raised an issue relating to the discretionary aspects of the defendant's sentence. ***Tukhi***, 149 A.3d at 888. The ***Tukhi*** Court held that the defendant waived the issue because he failed to preserve it at the sentencing hearing or in a post-sentence motion. ***Id.***

Here, like the defendant in ***Tukhi***, Appellant failed to preserve any sentencing claims before the trial court. Therefore, they are waived. ***Id.***

Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. ***See Flowers***, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/05/2020

- 10 -