**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kristopher KEIPER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 2005.

Filed Nov. 21, 2005.

318

William K. Sayer, Public Defender, Stroudsburg, for appellant.

Christopher Jones, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before: JOYCE, LALLY–GREEN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this case, we consider whether a defendant's prior conviction is an element of a charge of persons not to possess, use, manufacture, control, sell or transfer firearms. *See* 18 Pa.C.S. § 6105. Kristopher Keiper contends that it is and that the trial court's use of the prior conviction in calculating his prior record score constitutes "double counting" which violates the Pennsylvania Sentencing Guidelines. We conclude that a prior conviction is not an element of the offense under section 6105 but is merely a precondition to charging the accused with a violation of that section. Accordingly, we affirm the judgment of sentence.

¶ 2 Keiper appeals the judgment of sentence imposed following a plea of guilty to one count of persons not to possess firearms. The facts relevant to our disposition of the case are as follows: In 1997, Keiper was convicted of burglary. On May 3, 2004, the police arrested Keiper and charged him for violating 18 Pa.C.S. § 6105, after finding three rifles in his possession. Keiper pled guilty to one count of Persons not to possess firearms, a felony in the second degree. Prior to sentencing, the Monroe County Probation Department prepared a Pre-sentence Investigation Report ("PSI"). The PSI stated that under the sentencing guidelines, Keiper's prior record score was a three, due to Keiper's prior conviction of burglary. On January 13, 2005, the date of sentencing, Keiper claimed his prior record score should have been zero because his 1997

burglary conviction was an element of the offense to which he pled. The Honorable Margherita Patti Worthington rejected this argument and sentenced Keiper to a term of no less than fifteen months and no more than thirty months. Keiper then filed a Motion for Reconsideration of Sentence making the same argument. The trial court denied the motion. On April 5, 2005, Keiper filed a Rule 1925(b) statement again alleging the trial court erred in using a prior record score of three instead of zero. The trial court again found this argument unavailing.

¶ 3 Keiper then filed a timely notice of appeal, raising the following questions for our review:

1. Is the prior conviction of an enumerated felony an element of 18 Pa. C.S.A. § 6105(a) (Persons not to possess, use, etc. firearms)?

2. Is section 303.8(g) of the Pa. Sentencing Guidelines intended to avoid double counting so that a prior burglary should not be included in a defendant's prior record score if that same prior burglary is the only thing that made the defendant's possession of three rifles illegal under 18 Pa.C.S.A. § 6105?

Brief for Appellant at 4.

¶ 4 First, a "challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence." *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa.Super.2000) (citing *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998)). When a defendant raises an issue that implicates the discretionary aspects of sentencing, he must demonstrate that a substantial question regarding the appropriateness of the sentence exists. *See id.* (citing 42 Pa.C.S. § 9781(b)). A claim that the sentencing court misapplied the Sentencing Guidelines in double counting a

prior conviction in its calculation of the prior record score presents a substantial question. *See id.* Therefore, Keiper has raised a substantial question.

¶ 5 Our standard of review in sentencing matters is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super.2002) (citations omitted).

¶ 6 In support of his first question, Keiper contends that his previous conviction of burglary is an element of 18 Pa.C.S. § 6105, and therefore, the trial court's use of the conviction in calculating the prior record score amounted to double counting. Brief for Appellant at 9. Keiper argues that no one factor should be used twice in determining the prior record score. Brief for Appellant at 9. We conclude that Keiper's prior conviction of burglary is not an element of the offense at issue. Accordingly, the trial court's application of the prior record score did not constitute double counting.

¶ 7 This case is analogous to *Commonwealth v. Johnson*, 758 A.2d 1214 (Pa.Super.2000). In *Johnson*, the defendant pled guilty to charges of failing to register as a sex offender and failing to verify his address under the Megan's Law statute. *See id.* at 1215. The trial court determined that Johnson had a prior record score of four based upon his prior rape conviction.

*See id.* at 1216. Johnson appealed, stating that his prior rape conviction was an element of the offense and as such, could not be used to enhance his sentence. *See id.* at 1217. The relevant provisions of the Megan's Law statute applicable under the version of the statute in effect at the time that the *Johnson* Court studied these provisions provided:

### § 9793. Registration of certain offenders for ten years

(a) **Registration.**—A person convicted of any of the offenses set forth in subsection (b) shall be required to register a current address with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional institution, upon the commencement of a sentence of intermediate punishment or probation or where the offender is under the supervision of the Pennsylvania Board of Probation and Parole at the time of enactment of this section . . .

(b) **Persons required to register.**—

(1) Persons convicted of any of the following offenses that are classified as a felony and involve a victim who is a minor:

\*    \*    \*    \*    \*    \*

18 Pa.C.S. § 3121 (relating to rape).

42 Pa.C.S. § 9793.

### § 9796. Verification of residence.

\*    \*    \*    \*    \*    \*

(b) **Annual verification.**—The Pennsylvania State Police shall verify the residence of offenders designated in section 9793 (relating to registration of certain offenders for ten years) annually through the use of a residence verification form. The form shall be returned by the offender within ten days.

42 Pa.C.S. § 9796(b). This Court found Johnson's appeal to be without merit because "the prior conviction of rape is merely a pre-condition to charging and convicting Johnson of violating [the statutes]. That precondition is not part of the conduct that resulted in the charges of violating [the statutes]." *Johnson,* 758 A.2d at 1218. Therefore, Johnson's prior rape conviction was not an element of the offenses. *See id.*

¶ 8 In the case at bar, the statute at issue here, 18 Pa.C.S. § 6105, is analogous to the statutes the *Johnson* Court analyzed in its use of a prior offense as a precondition to the charges rather than as an element of the subsequent offenses. 18 Pa.C.S. § 6105 states in relevant part:

(a) **Offense defined.**—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\*    \*    \*    \*    \*    \*

(a.1) **Penalty.**—Any person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

(b) **Enumerated offenses.**—The following offenses shall apply to subsection (a):

\*    \*    \*    \*    \*    \*

Section 3502 (relating to burglary).

18 Pa.C.S. § 6105 (footnote omitted).

¶ 9 The conduct in both statutes, owning a gun in section 6105 and moving about freely without registration in sections 9793 and 9796, is legal and only becomes illegal after the person is convicted of an enumerated offense. Here, as in *Johnson,* the prior conviction of burglary is merely a pre-condition to charging Keiper with a violation of section 6105. *See Johnson,* 758 A.2d at 1218. This pre-condition is not part of the illegal conduct in which Keiper participated, owning three rifles in violation of section 6105. Therefore, we reject Keiper's argument that the 1997 burglary conviction was included as an element of section 6105 because that pre-condition is not part of the conduct which led to the charges. Keiper's first argument is without merit.

¶ 10 In support of his second question, Keiper contends that the trial court violated the Pennsylvania Sentencing Guidelines when it counted his prior burglary conviction in his prior record score. Brief for Appellant at 9. Keiper cites to section 303.8(g)(2) of the guidelines, the section applicable under the version of the guidelines in effect at the time Keiper was charged. Section 303.8(g)(2) stated, "[a]ny prior conviction which contributed to an increase in the grade of a subsequent conviction shall not be used in computing the Prior Record Score." 204 Pa.Code § 303.8(g)(2). Keiper argues that his 1997 burglary conviction changed the grading of the current offense because it elevated the action from being legal to being a felony. Brief for Appellant at 12. We disagree. The Sentencing Commission explained the intention of section 303.8(g)(2) as follows:

Exclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the "double count-ing" of factors against the defendant. For a few offenses, such as retail theft and DUI, certain prior convictions may increase the grade of a subsequent offense. Because both the Offense Gravity Score and the Prior Record Score reflect to some degree the grade of offenses, and an increase in the grade of a current or previous offense will generally increase the sentence recommendation, the offenses which contribute to an increase in the grade of a subsequent offense should not be counted again.

Sentencing Guidelines Implementation Manual at 144 (5th ed.1997).

¶ 11 The rationale for section 303.8(g)(2) indicates that no factor, including prior convictions, should be counted twice when determining a prior record score. However, a plain reading of the language of section 303.8(g)(2) demonstrates that this section prevents the inflation of a prior record score in cases where "the statutory definitions of the crimes provide for the grading of the crimes (*i.e.,* misdemeanor of the first or second degree, or felony of the first, second, or third degree) based on whether prior offenses have been committed." *Johnson,* 758 A.2d at 1219. Clearly, in these types of circumstances, a defendant's prior conviction would be double counting and would place a defendant in an unfair situation. Here, unlike the offenses listed by the Sentencing Commission, the prior burglary conviction does not change the grading of the present offense. Based on a plain reading of section 6105, only one grading of the offense exists, a felony in the second degree. No increase of gradation of the offense for any prior convictions is apparent. As stated above, the prior burglary conviction is merely a precondition to a violation of section 6105. Therefore, the trial court only counted the prior burglary conviction once. Hence, Keiper's second argument is without merit.

¶ 12 For the foregoing reasons, we conclude that the trial court did not abuse its discretion in using a prior record score of three in calculating Keiper's sentence and we, therefore, affirm the judgment of sentence.

¶ 13 Judgment of sentence AFFIRMED.