J-S39044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ZAQUAN STEVEN HARGETT, | : | |
| | : | |
| Appellant | : | No.  1569 MDA 2015 |

Appeal from the Judgment of Sentence August 12, 2015
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0003317-2014

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 14, 2016**

Zaquan Steven Hargett (Appellant) appeals from the judgment of
sentence entered on August 12, 2015, following his conviction for simple
assault.  We affirm.

The trial court aptly set forth the relevant factual and procedural
history of this matter as follows.

> On May 10, 2014, at around midnight, Scotty Ball and his
> then fiancé[e] Rachel Hartman were in a hospital room at the
> Milton S. Hershey Medical Center with Rachel's young son,
> Zamari, who was scheduled for surgery for injuries suffered as a
> result of a dog bite. [Appellant] is the biological father of Zamari.
>
> At approximately 2 o'clock a.m., as Mr. Ball and Ms.
> Hartman prepared to rest for the night on a chair and sofa near
> Zamari, [Appellant] entered the room and told Mr. Ball, who was
> seated, "You [sic] sleeping outside."
>
> Ms. Hartman responded that Mr. Ball was not going to
> leave and stepped between [Appellant] and Mr. Ball. [Appellant]
> became angry and ripped off his shirt. As Mr. Ball remained

*Retired Senior Judge assigned to the Superior Court.

seated, [Appellant] suddenly began punching him with closed fists. Mr. Ball attempted to cover his face and stand. As Mr. Ball stood, [Appellant] continued to punch him, causing him to fall. Because Mr. Ball did not want to brace himself on the child's crib during the attack, he fell directly onto his arm. Mr. Ball did not throw a punch to [Appellant] at any time.

[Appellant's] blows struck Mr. Ball in the nose, face and forehead. Photographs admitted as Commonwealth Exhibits 1-3 depict the injuries [Appellant] inflicted upon Mr. Ball. Mr. Ball sustained contusions, swelling of the eye, a broken nose, lumps on the left side of the head, a broken index finger and injury to his arm. A nurse gave Mr. Ball a towel to attempt to stop the profuse bleeding.

Officer Michael McCormick responded to the dispatch to the Medical Center. When Officer McCormick arrived at the hospital room, Mr. Ball was holding a blood-soaked towel to his face. [Appellant] had no injuries.

At trial, [Appellant] admitted that he punched Mr. Ball in the face, but claimed that Mr. Ball struck him first. [Appellant] testified that Mr. Ball inflicted injuries upon himself.

The jury found [Appellant] guilty of simple assault[, but acquitted him of disorderly conduct.]

Immediately following the verdict, the [c]ourt sentenced [Appellant] to a term of not less than one year nor more than two years in a state correctional institution. [Appellant] filed a post sentence motion on August 21, 2015 to which the Commonwealth filed an answer and new matter. On September 1, 2015, the [c]ourt denied [Appellant's] post sentence motion.

[Appellant] filed a notice of appeal on September 10, 2015. Pursuant to the [c]ourt's order, [Appellant] filed a timely concise statement of [errors] complained of on appeal on September 15, 2015. [The trial court filed a 1925(a) opinion.]

Trial Court Opinion, 11/5/2015, at 1-3 (citations to notes of testimony and unnecessary capitalization omitted).

Appellant raises the following issues for our review.

1. Whether the trial court erred in denying Appellant's post sentence motion for arrest of judgment where the jury verdict of guilty was against the weight of the evidence because the Commonwealth failed to show that Appellant sustained any injuries indicative of fighting?

2. Whether the trial court abused its discretion in sentencing Appellant to the maximum permissible sentence of one to two years of incarceration where the sentence is excessive and unreasonable in light of the Appellant's background and rehabilitative needs and the trial court considered Appellant's prior record score twice for sentencing purposes?

Appellant's Brief at 6.

Appellant first argues that the lack of "visible injuries" and "blood on his hands" at the time of his arrest belies the victim's testimony that Appellant committed an assault. Appellant's Brief at 15. We address Appellant's claim mindful of the following.[1]

When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is

---

[1] Although presented in his statement of questions involved as a sufficiency claim, Appellant's first argument implicates the weight of the evidence. *See* ***Commonwealth v. Vogel,*** 461 A.2d 604, 607 (Pa. 1983) (holding that arrest of judgment is the proper remedy at law when the evidence presented is insufficient to support a conviction); ***Commonwealth v. Yong***, 120 A.3d 299, 312 n.9 (Pa. Super. 2015) (reiterating that a challenge to the credibility of the Commonwealth's witnesses implicates the weight, not the sufficiency of the evidence presented at trial.)

- 3 -

limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa. Super. 2007) (citations and quotations omitted).

Appellant's limited argument on this point assails the inconsistencies in the victim's testimony and suggests that the jury erred in disbelieving his version of events. However, reconciling inconsistencies in the testimony was within the province of the fact-finder. ***Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995) ("After examining the evidence in this case, we find that appellant's assertion that the inconsistencies in the witnesses' testimony rendered them incredible to have no merit since the inaccuracies claimed are only minor and a witness's credibility is solely for the [fact-finder] to determine."). Additionally, it is well-settled that "the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Cousar***, 928 A.2d 1025, 1035-36 (Pa. 2007).

In evaluating this claim, the trial court concluded that the evidence presented at trial "sufficiently supports the verdict [and] also weighs in a manner consistent with the verdict, namely, that [Appellant] struck Mr. Ball repeatedly out of anger, knocked him down and caused significant bleeding, bruising and injury." Trial Court Opinion, 10/6/2015, at 5. We agree. Appellant has failed to convince us that the trial court abused its discretion

in holding that the verdict was not against the weight of the evidence. Accordingly, we hold that he is not entitled to relief on this issue.

Appellant next presents a challenge to the discretionary aspects of his sentence. We address this claim mindful of the following:

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code…. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, he sought reconsideration of his sentence in a post-sentence motion, and he has included a Rule 2119(f) statement in his brief to this Court. We now consider whether he has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul****,* 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Appellant first contends that the sentencing court abused its discretion by sentencing Appellant to one to two years of incarceration, "the maximum permissible sentence for a misdemeanor of the second degree," when his sentencing guidelines suggested a standard range sentence of 3 to 12 months. Appellant's Brief at 13.  While he is correct that simple assault is a misdemeanor of the second-degree punishable by a maximum term of two years of incarceration, in this case, due to Appellant's prior record score and the applicable sentencing guidelines, the imposed sentence of one to two years fell within the standard guideline range.  It is well-settled that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).[2] Accordingly, this claim does not raise a substantial question.

---

[2] We note that Appellant's counsel waived his right to a pre-sentence investigation at sentencing. N.T., 8/12/2015, at 2.

Appellant also argues that his sentence is manifestly excessive "in light of Appellant's background[3] and rehabilitative needs" and contends that, in imposing the sentence, the trial court "punished Appellant twice for his prior record score." Appellant's Brief at 13. **See Commonwealth v. Keiper**, 887 A.2d 317, 319 (Pa. Super. 2005) (holding that "[a] claim that the sentencing court misapplied the Sentencing Guidelines in double counting a prior conviction in its calculation of the prior record score presents a substantial question."); **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (recognizing that this court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") To the extent that these claims may raise a substantial question, Appellant is not entitled to relief.

At sentencing, the trial court heard argument from the district attorney and Appellant regarding the instant offense and Appellant's prior record score. N.T., 8/12/2015, at 2-6. Appellant exercised his right to allocution and explained that he had recently been released from prison and was working at the time of the incident. *Id.* at 7. However, Appellant expressed disbelief at the victim's version of events, which was soundly rejected by the trial court. *Id.* at 6-7.

---

[3] Appellant agrees that, due to a prior homicide conviction, his prior record score is 4.

In fashioning Appellant's sentence, the trial court explained that it "relied upon not only [Appellant's] prior record score of 4 but also considered the nature of the unprovoked attack upon Mr. Ball" and took into consideration Appellant's "violent tendencies in connection with the need to protect the public and the need for rehabilitation in that [Appellant] committed this assault within only a few years of completing a sentence for a homicide charge." Trial Court Opinion, 11/5/2015, at 6. Moreover, at sentencing, the trial court acknowledged that Appellant's homicide conviction was accounted for properly in the calculation of Appellant's prior record score. N.T., 8/12/2015, at 8.

Based on the foregoing, we hold that the trial court did not abuse its discretion in fashioning Appellant's sentence. Thus, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016

- 8 -