J-A17013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

CHAD PATTERSON

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1773 EDA 2022

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000534-2021

BEFORE:  KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 29, 2023**

Chad Patterson (Patterson) appeals from the judgment of sentence imposed in the Court of Common Pleas of Philadelphia County (trial court) after his open guilty plea to possession of firearms prohibited[1] and related charges.[2]  He challenges the trial court's sentence for his violation of 18 Pa.C.S. § 6105, arguing that the trial court "double-counted" his prior robbery conviction in both his prior record score and as a material element of the offense in violation of Section 303.8(g)(3) of the sentencing guidelines where

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105 (Persons not to possess, use, manufacture, control, sell or transfer firearms).

[2] 18 Pa.C.S. §§ 6106 (carrying a firearm without a license) and 6108 (carrying a firearm in public in Philadelphia), respectively.

his prior conviction affected the grading of his current Section 6105 conviction. We affirm.

**I.**

The trial court aptly set forth the pertinent background facts of this case as follows:

> On November 10, 2020, Philadelphia Police initiated a vehicle stop after observing a black Dodge Charger with expired registration traveling in the area of 5400 Old York Road in the City of Philadelphia. Upon stopping the vehicle, police requested that all three vehicle occupants provide identification. At that time, the police discovered that the front seat passenger had active warrants and ordered all occupants to step out of the vehicle. Upon ordering [Patterson] out of the vehicle, police officers observed in plain view a black firearm in the front pocket of [Patterson]'s hoodie. Police recovered the .380 caliber, black Walter handgun which was loaded with eight live rounds.

(Trial Court Opinion, 11/22/22, at 1-2) (record citations omitted).

Patterson is prohibited from possessing firearms due to a 2018 conviction for first degree felony robbery. He was arrested on November 10, 2020, and charged with first degree felony possession of a firearm prohibited, third degree felony carrying a firearm without a license, and misdemeanor carrying a firearm on a public street in Philadelphia. On August 18, 2021, he entered an open guilty plea to the three charges and the court ordered the preparation of a presentence investigation report (PSI). The presentence investigator calculated Patterson's prior record score as a five due to the prior robbery conviction.

At the February 25, 2022 sentencing hearing, defense counsel argued that Patterson's prior record score was one, not five, because his 2018 robbery conviction could not be both a material element of his Section 6105 violation and the basis for enhancing his prior record score. (*See* N.T. Sentencing, 2/25/22, at 9-11). The court rejected counsel's argument and concluded that Patterson's prior conviction could be used in the calculation of the prior record score for sentencing purposes. (*See id.* at 12-13).

The parties agreed that the offense gravity score for the most serious charge was eleven. (*See id.* at 13). After argument and Patterson's allocution, the court imposed a mitigated sentence of four to eight years for the Section 6105 charge based on the prior record score of five and offense gravity score of eleven, which was one year below the sentencing guideline's recommendation of seventy-two to ninety months, plus or minus up to twelve months (shorthanded as 72-90 ± 12). *See* 204 Pa. Code § 303.16(a). It imposed three years' probation for carrying a firearm without a license and no further penalty for carrying a firearm in public in Philadelphia. (*See* N.T. Sentencing, at 38-39).

Patterson filed a post-sentence motion raising the same sentencing issue, which was denied by operation of law. He filed a timely notice of appeal and court-ordered statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

Patterson raises one question for our review: "Did the lower court err in counting [his] 2018 robbery conviction as both a material element of his instant conviction under 18 Pa.C.S. § 6105 and as part of his prior record score calculation?" (Patterson's Brief, at 3).

## II.

## A.

Patterson argues that the inclusion of his 2018 robbery conviction in his prior record score calculation is prohibited by Section 303(g)(3) of the Sentencing Code because it double counts his prior conviction since it is a material element of his Section 6105 conviction and increases the grading of the violation by elevating his conduct of possessing a firearm from being legal to being a felony.

Patterson's issue raises a discretionary aspect of sentence claim, which requires that he demonstrate that a substantial question regarding the appropriateness of his sentence exists.[3] *See Commonwealth v. Spenny*,

---

[3] Because a discretionary aspect of sentence claim must be considered a petition for permission to appeal, it also requires that the appellant: (1) preserve the issue by raising it in the trial court, (2) file a timely notice of appeal, and (3) set forth a statement of the reasons relied upon for allowance of the appeal pursuant to Rule 2119(f). *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014); *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014). Patterson has met all of these requirements.

128 A.3d 234, 241 (Pa. Super. 2015);[4] 42 Pa.C.S. § 9781(b).  "A claim that the sentencing court misapplied the sentencing guidelines in double counting a prior conviction in its calculation of the prior record score presents a substantial question."  *Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005) (citation omitted).  Therefore, we will review the merits of his claim.

Our standard of review of Patterson's sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Id.* (citation omitted).

**B.**

Patterson maintains that the trial court erred in "double counting" his robbery conviction by including it in both his prior record score and as a material element for a violation of Section 6105.

Section 6105 provides, in pertinent part:

**(a) Offense defined.--**

---

[4] Patterson agrees that legal precedent establishes that his claim challenges the discretionary aspects of sentence.  He then suggests that it could also be a legality of sentence issue.  We are not persuaded by this suggestion.

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**(a.1) Penalty.—**

(i) A person convicted of a felony enumerated under subsection (b) or a felony under The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the first degree if:

\* \* \*

(B) at the time of the commission of a violation of subsection (a), the person was in physical possession or control of a firearm, whether visible, concealed about the person or within the person's reach.

18 Pa.C.S. § 615(a)(1), (a.1)(i)(B).

Section 303(g)(3) of the sentencing guidelines directs that "[t]he following types of offenses, charges and convictions shall not be scored in the Prior Record Score: … Any prior conviction which contributed to an increase in the grade of a subsequent conviction[.]" 204 Pa. Code § 303.8(g)(3).

Like the trial court, we find **Keiper** to be dispositive.

In **Keiper**, 887 A.2d 317, this Court addressed the identical arguments Patterson presents now, *i.e.*, "the trial court's use of [a prior] conviction in calculating the prior record score amounted to double counting" and the trial court erred in interpreting Section 303.8(g)(2) of the sentencing guidelines to

find the prior conviction did not increase the grading of the current Section 6105 violation. *Keiper*, 887 A.2d at 319, 321. The Court concluded that committing one of the enumerated offenses is not an **element** of Section 6105, but instead it is a **precondition** to charging an individual with a Section 6105 violation. Therefore, reasoned *Keiper*, because a prior conviction is a prerequisite and not an element of Section 6105, including it in a prior record score is not "double counting" it.[5] *See id.* at 321.

Moreover, even if Patterson's prior conviction was a material element of a Section 6105 violation, the trial court was not precluded from including it in his prior record score because, as explained below, it did not affect the grading of the current offense.

## C.

Patterson argues that his sentence violated Section 303(g)(3) of the sentencing guidelines because his robbery conviction changed the grading of his Section 6105 conviction since it elevated his conduct of possessing a

---

[5] Patterson argues that *Commonwealth v. Jamison*, 98 A.3d 1254 (Pa. 2014) implicitly overruled *Keiper*'s holding when it stated that a prior enumerated conviction is an element of the offense of possession of a firearm prohibited pursuant to Section 6105. We disagree. The Pennsylvania Supreme Court did not address sentencing in its decision or categorize the prior offense as an element of Section 6105 for sentencing purposes and, therefore, as other panels of this Court have held, *Jamison* is not relevant to this sentencing issue. *See, e.g.*, *Commonwealth v. Fretz*, 281 A.3d 1064, at *12 (Pa. Super. filed June 13, 2022); *Commonwealth v. McSorley*, 2019 WL 3306744, unpublished memorandum, at *2 (Pa. Super. filed July 23, 2019).

firearm from being legal to being a felony. (*See* Patterson's Brief, at 15). Again, we turn to *Keiper*, which observed that owning a gun is legal and only becomes illegal after a person commits an enumerated offense, but that this has nothing to do with the grading of a Section 6105 violation. In reaching its decision on this issue, it relied on the language of the Sentencing Guidelines Implementation Manual at 144 (5th ed.1997).

*Keiper* observed that the Sentencing Commission explained its intention in promulgating Section 303(g)(3) as follows:

> Exclusion of prior convictions that are used to elevate the statutory grading of an offense reflects the Commission's general policy against the "double counting" of factors against the defendant. For a few offenses, such as retail theft and DUI, certain prior convictions may increase the grade of a subsequent offense. Because both the Offense Gravity Score and the Prior Record Score reflect to some degree the grade of offenses, and an increase in the grade of a current or previous offense will generally increase the sentence recommendation, the offenses which contribute to an increase in the grade of a subsequent offense should not be counted again.

*Keiper*, 887 A.2d at 321 (quoting Sentencing Guidelines Implementation Manual at 144 (5th ed. 1997)).

Based on the foregoing, the *Keiper* Court reasoned:

> The rationale for section 303.8(g)([3])[6] indicates that no factor, including prior convictions, should be counted twice when

---

[6] *Keiper* notes that at the relevant time, the pertinent subsection was 303(g)(2). *See Keiper*, 887 A.2d at 321. However, the language of that subsection was materially the same as the subsection now under review. *See* 204 Pa. Code § 303.8(g)(2) ("[a]ny prior conviction which contributed to an

*(Footnote Continued Next Page)*

determining a prior record score. However, a plain reading of the language of section 303.8(g)([3]) demonstrates that **this section prevents the inflation of a prior record score in cases where "the statutory definitions of the crimes provide for the grading of the crimes (*i.e.,* misdemeanor of the first or second degree, or felony of the first, second, or third degree) based on whether prior offenses have been committed."** *Commonwealth v. Johnson,* 758 A.2d 1214, 1219 (Pa. Super. 2000), *appeal denied*, 775 A.2d 803 (Pa. 2001). Clearly, in these types of circumstances, a defendant's prior conviction would be double counting and would place a defendant in an unfair situation. Here, unlike the offenses listed by the Sentencing Commission, the prior burglary conviction does not change the grading of the present offense. … No increase of gradation of the offense for any prior convictions is apparent. As stated above, the prior burglary conviction is merely a precondition to a violation of section 6105. Therefore, the trial court only counted the prior burglary conviction once.

*Keiper*, 887 A.2d at 321 (internal citation formatting provided; emphasis added); *see also Johnson*, 758 A.2d at 1219 (rejecting defendant's argument that his prior conviction for rape changed the grading of his present offense for failing to register because, but for the rape conviction, the current offense would not have occurred because statutory definition of current offense did not contain sub-categories of grading based on prior offense).

We agree with the trial court that there is no language in Section 6105 that grades an offense based on a prior conviction. *See* 18 Pa.C.S. § 6105. The fact that possessing a firearm would be legal but for Patterson's prior conviction does not increase the grading of his present violation which, as

_____

increase in the grade of a subsequent conviction shall not be used in computing the Prior Record Score.").

observed by the **Keiper** and **Johnson** Courts, involves whether a crime is a misdemeanor of the first or second degree or felony of the first, second or third degree.[7] The full title of Section 6105 is "Persons not to possess, use, manufacture, control, sell or transfer firearms." Therefore, the grading is based on which of the current prohibited conduct an individual engages. **See** 18 Pa.C.S. § 6105(a.1). Patterson's violation of Section 6105 was graded as a first degree felony because he was in actual possession of the firearm in this case, not because of his prior robbery conviction. **See id.** at § 6105(a.1)(i)(B). This claim fails. The trial court did not abuse its discretion in sentencing Patterson to a term of four to eight years' incarceration on the Section 6105 conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2023

_____

[7] Patterson argues that to the extent the phrase "increase the grade of a subsequent conviction" is ambiguous, it should be resolved in his favor. This language is not ambiguous and the argument is disingenuous. It is well-settled that "grading" is understood to mean a crime's degree and the language, "subsequent conviction," after the prior conviction is the current one. **See** 204 Pa. Code § 303.8(g)(3).