J-S28009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PETER MAURICE WOODLEY | : | |
| | : | |
| Appellant | : | No. 243 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 15, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001037-2024

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:           **FILED: SEPTEMBER 4, 2025**

Peter Maurice Woodley appeals from the sentence of twelve to twenty-four months in prison imposed following his guilty plea to possession of a controlled substance with intent to distribute ("PWID").  Before this Court, Donna M. De Vita, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant the petition to withdraw and affirm Appellant's judgment of sentence.

On July 18, 2024, Appellant, while represented by a public defender, entered into an open guilty plea to one count of PWID.  Appellant and the Commonwealth stipulated to an offense gravity score ("OGS") of eight.  The trial court deferred sentencing until January 15, 2025, to allow for preparation of a pre-sentence investigation report.  On the day of sentencing, the trial court reviewed the report, noting with no objection that Appellant had a prior

record score ("PRS") of two. It therefore concluded that the applicable minimum guideline range was twelve to eighteen months and imposed the sentence indicated hereinabove, running it consecutive to a federal prison sentence Appellant was then serving. Appellant did not file post-sentence motions.

Appellant then timely appealed with the assistance of Attorney De Vita, who was another attorney within the public defender's office appointed after sentencing. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Counsel submitted a statement twenty-two days later contesting in two manners the discretionary aspects of the sentence. The court entered an opinion expressing that Appellant failed to preserve any such challenges, and further that the claims would not succeed on their merits.[1] *See generally* Trial Court Opinion, 3/25/25.

In this Court, Attorney De Vita filed an *Anders* brief and application to withdraw. The following legal principles apply to our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly

---

[1] Since Appellant's statement of errors was not docketed within the period proscribed by the trial court, it was untimely. However, we have held that "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper [pursuant to Pa.R.A.P. 1925(c)(3)]." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*)). As the court had the chance to and, in fact, did address Appellant's claims herein, we opt to proceed with our review.

frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Falcey*, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of Attorney De Vita's petition to withdraw and **Anders** brief, we conclude that she has complied with the requirements set forth above. Counsel provided an appropriate summary of the facts and procedural history. *See Anders* brief at 5-6. The brief states that the appeal

is frivolous and presents counsel's reasons, with citation to pertinent legal authority. *Id*. at 7-12. Further, counsel supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court.

Hence, we now "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5). However, we note that "when an appellant, either acting *pro se* or through private counsel, files a response to the *Anders* brief, our independent review is limited to those issues raised in the *Anders* brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." *Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa.Super. 2015) (cleaned up). Appellant submitted a *pro se* response in this case, which we discuss below. We therefore limit our review to the claims raised in the *Anders* brief and the *pro se* filing.

Counsel identifies a single issue that Appellant seeks to raise on appeal, namely whether the court abused its discretion in running Appellant's sentence for PWID consecutive to a federal term of imprisonment he is currently serving. *See Anders* brief at 10-12. This Court has stated that "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa.Super. 2014) (citation omitted). Counsel concludes, *inter*

*alia*, that this claim is waived for failure to preserve it through either an objection at sentencing or a post-sentence motion. ***See Anders*** brief at 11.

Additionally, in Appellant's *pro se* response to the ***Anders*** brief, he accuses the trial court of miscalculating the guideline range it relied upon in sentencing him. Specifically, he contends that based upon his PRS of two and an OGS of eight, the standard range should have been three to six months, not the twelve to eighteen months cited by the court. ***See*** Response to ***Anders*** brief at 2-3. As with the claim identified by counsel, a "challenge to the calculation of the Sentencing Guidelines raises a question of the discretionary aspects of a defendant's sentence." ***Commonwealth v. Keiper***, 887 A.2d 317, 319 (Pa.Super. 2005) (citation omitted).

The following legal principles guide our determination as to whether these two claims are properly before us:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up).

Upon review of the certified record, we conclude that Appellant has failed to preserve either of the challenges for our review. Although Appellant

timely appealed, he did not move the court to reconsider or modify his sentence, nor did he preserve any challenge at the time of sentencing. ***See***, ***e.g.***, ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*) (finding that the appellant waived her challenge to the discretionary aspects of her sentence when she failed to raise an objection at sentencing or file a timely post-sentence motion). Therefore, the claims discussed by counsel in the ***Anders*** brief and asserted by Appellant in his *pro se* response are waived such that raising them on appeal would be frivolous. ***See***, ***e.g.***, ***Commonwealth v. Cook***, 175 A.3d 345, 349 (Pa.Super. 2017) ("Here, Appellant made no challenge to his sentence either at the sentencing hearing or in a post-sentence motion. Accordingly, no discretionary-aspects claim has been preserved for our review, rendering it frivolous.").

Based on the foregoing, we agree with Attorney De Vita that the instant appeal is wholly without merit. As such, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application of Donna M. De Vita, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/04/2025

- 6 -